NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000062**
**17-SEP-2012**
**07:52 AM**

NO. CAAP-11-0000062

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MILES Y. KAJIYAMA,
Claimant-Appellant,
v.
KALANI HONUA and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Employer/Insurance Carrier-Appellees


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD
(CASE NO. AB 2009-187(H) (1-07-003580))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)


Claimant-Appellant Miles Kajiyama, (Kajiyama) appeals from the January 11, 2011 Decision and Order (D&O) by the Labor and Industrial Relations Appeals Board (LIRAB). The D&O adopted LIRAB's September 28, 2010 Proposed Decision and Order (Proposed D&O) affirming in part, and denying in part the March 6, 2009 Supplemental Decision of the Director of the Labor and Industrial Relations. The D&O resolved a workers' compensation dispute brought by Kajiyama against Employer-Appellee, Kalani Honua (Honua) and Insurance Carrier Hawaii Employers' Mutual Insurance Company, Inc. (collectively, Employer).

On appeal, Kajiyama argues that LIRAB erred by adopting

(1)    Findings of Fact (FOF) 17, 28, 30, 36 and 37 of the Proposed D&O;

(2)    Conclusions of Law (COL) 1 and denying the treatment plans dated January 23, 2008, August 7, 2008, and September 25, 2008;

(3)    COL 2 and denying the treatment plan dated March 4, 2008; and

(4)    COL 3 and denying the treatment plan dated August 7, 2008.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Kajiyama's appeal is without merit.

LIRAB affirmed Employer's denial of the treatment plans of January 23, 2008 with Gurpal (Paul) Sandhu, M.D.; of August 7, 2008 with Henry H. Yang, M.D.; and of September 25, 2008 with Jeffrey J.K. Lee, M.D. (Dr. Lee) (collectively, Concurrent Treatment Plans) because these treatment plans were not approved by Dale McSherry, D.C. (Dr. McSherry). LIRAB found that as Kajiyama's attending physician, Dr. McSherry was required to obtain Employer's consent for any concurrent treatments by other physicians.

Kajiyama does not dispute that Hawaii Administrative Rules (HAR) § 12-15-40[1] and HAR § 12-15-51[2] apply to the

---

[1]    HAR § 12-15-40 provides in relevant part:

**HAR § 12-15-40. Concurrent medical treatment**
    (a) One attending physician shall be in charge of the care of the injured employee. However, treatment by more than one qualified health care provider may be allowed if the attending physician determines the employee's injury involves more than one body system and requires multidiscipline care or is so severe or complex that services of more than one qualified health care provider are required.

    (b) When requesting consideration for concurrent treatment, the attending physician shall obtain permission

2

Concurrent Treatment Plans.  Instead, Kajiyama argues that "the medical providers substantially complied with HAR § 12-15-40[.]" Kajiyama argues that LIRAB should have construed the requirements of HAR liberally to comply with Hawaii Revised Statutes (HRS) § 386-24, which states the policy of medical rehabilitation laws under workers compensation is to allow for "the greatest possible medical rehabilitation."

Kajiyama is asking the court to ignore the express provisions of HAR §§ 12-15-40 and 12-15-51.  Because HAR §§ 12-15-40 and 12-15-51 clearly require prior approval by the attending physician before concurrent treatment or elective surgery may be approved, LIRAB did not err in denying the Concurrent Treatment Plans.

LIRAB affirmed Employer's denial of the March 4, 2008 treatment plan, stating that "[b]ased on substantial medical evidence and [Lorne K. Direnfeld, M.D.'s (Dr. Direnfeld)] December 24, 2009 opinion, passive treatment modalities are no longer reasonably necessary or appropriate for treatment of [Kajiyama's work injury.]"  LIRAB further found that "Employer's denial of Dr. McSherry's August 7, 2008 treatment plan . . . was proper, because Dr. Lee evaluated [Kajiyama's] left knee on

---

from the employer prior to initiating such referral. The name, business address, discipline, and specialty of the assisting qualified health care provider and the reasons for concurrent treatment shall be submitted in writing to the employer at least seven calendar days prior to referral.

[2] HAR § 12-15-51 provides in relevant part:

**HAR § 12-15-51. Surgery**
     (a) [w]hen elective surgery is contemplated, the attending physician shall obtain permission from the employer at least seven calendar days prior to the date of the proposed surgery.  Written notification shall include procedure code, medical documentation justifying the need for surgery, the estimated date of surgery, and the hospital where the surgery is to be performed.  The notification shall permit the employer to determine whether the injured employee should be examined by a physician of the employer's choice as provided under section 386-79, HRS.

3

April 17, 2008 and provided his opinion regarding possible surgical treatment[.]"

Kajiyama argues that Employer did not present substantial evidence that the knee surgery was unreasonable or unnecessary to support the denial of the March 4, 2008 treatment plan, and similarly that Employer did not present evidence that continued treatment of Kajiyama's low back was unnecessary in support of its denial of the Dr. McSherry's August 7, 2008 treatment plan. Kajiyama argues that LIRAB improperly weighed Dr. Direnfeld's testimony regarding both the necessity of surgery and the effectiveness of passive treatment modalities. In essence, Kajiyama argues that LIRAB erred in weighing the evidence presented.

However, this court gives "deference to LIRAB's assessment of the credibility of witnesses and the weight LIRAB gives to the evidence." Moi v. State, Dept. of Public Safety, 118 Hawai'i 239, 242, 188 P.3d 753, 756 (App. 2008). Furthermore,

> it is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.

Nakamura v. State, 98 Hawai'i 263, 268, 47 P.3d 730, 735 (2002) (quoting Igawa v. Koa House Restaurant, 97 Hawai'i 402, 409-410, 38 P.3d 570, 577-578 (2001)).

In the instant case, LIRAB was presented with substantial evidence in support of its determination to approve the denials of the March 4, 2008 treatment plan and Dr. McSherry's August 7, 2008 treatment plan. LIRAB examined the testimony of Dr. Direnfeld, as well as the opinion of Dr. Lee, and determined that Employer's denial of the two treatment plans was proper. LIRAB properly exercised its discretion in weighing the evidence presented to it. Therefore, LIRAB did not err in

finding that Employer properly denied the March 4, 2008 treatment plan and Dr. McSherry's August 7, 2008 treatment plan.

Therefore,

IT IS HEREBY ORDERED that the January 11, 2011 Decision and Order filed by the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawaiʻi, September 17, 2012.


On the briefs:

Stanford H. Masui
for Claimant-Appellant.

Robert E. McKee, Jr.
for Employer/Insurance
Carrier-Appellees.

Daniel R. Foley
Chief Judge

Associate Judge

Associate Judge

5